**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**1199 SEIU, NEW YORK'S HEALTH & HUMAN**
**SERVICES UNION,**

|  |  |
|---|---|
| **Plaintiff,** | **04-CV-1463** |
|  | **(NAM/DEP)** |

**v.**

**ST. LUKE RESIDENTIAL HEALTH CARE**
**FACILITY, INC.,**

                                        **Defendant.**
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| Satter & Andrews, LLP | Matthew Bergron, Esq. |
| _Attorneys for Plaintiff_ | Mimi C. Satter, Esq. |
| 217 South Salina Street | |
| Syracuse, New York 13202 | |
| | |
| Office of David M. Pellow | David M. Pellow, Esq. |
| _Attorney for Defendant_ | |
| 342 South Salina Street | |
| Syracuse, New York 13202 | |

NORMAN A. MORDUE, D.J.:

### MEMORANDUM-DECISION AND ORDER

**I.     INTRODUCTION**

Plaintiff, 1999 SEIU, New York's Health & Human Services Union (the "union"),

commenced this action pursuant to Section 301 of the Labor Management Relations Act

("LMRA"), as amended, 29 U.S.C. § 185, to confirm and enforce an arbitration award issued in

June 2003.  Defendant, St. Luke Residential Health Care Facility, Inc. (the "employer"), moved to

dismiss the action pursuant to _Fed.R.Civ.P. 12(b)(6)_ on the grounds that (1) the action was not

filed within the applicable statute of limitations, and (2) the allegations set forth in the complaint

1

do not establish that the employer is not in compliance with the language of the award.  The employer also asks this Court for award of damages for expenses incurred in responding to the complaint in this matter.  The union opposes the employer's motion to dismiss and cross-moves for a summary judgment with respect to its claim.

## II.    FACTUAL BACKGROUND

The union and the employer are both parties to a collective bargaining agreement (the "agreement").  Agreement provides that all disputes involving its interpretation must be resolved through binding arbitration.

In July of 2002, a disagreement arose between the union and the employer with respect to how wage increases should be calculated under the agreement.  The employer believed that the wage increases should be calculated based on the employee's total years of service in a particular job classification.  The union, however, believed that the calculation in question should be based upon the employee's total years of service with the employer.

As a result of this disagreement, on July 27, 2002, the union filed a grievance protesting employer's use of years of service in a particular job classification as a basis for determining wage increases.  Subsequently, union filed a demand for arbitration with the American Arbitration Association (the "AAA").  The arbitration hearings were held on February 12, 2003 and March 28, 2003.  On June 25, 2003, arbitrator issued a written decision and an award, which were delivered to both parties in July of 2003.  Arbitrator's written decision stated in relevant part that:

> The language of Article 25 is clear and unambiguous.  It states: "Effective the first
> full pay period after September 1, 2004, the 7 year rates apply to all employees with

6 or more years of service."  It does not state that the seven year rates apply to employees with six or more years of job classification seniority, but simply states all employees with six or more years of service.  The Employer argues that by accepting that language it believed that it referred to job classification service.  However, the language itself is clear.  There is no modifier of years of service to indicate job classificationservice. It simply states years of service.

Arbitrator's written decision was accompanied by an award, which stated in relevant part that "[t]he [e]mployer will violate the [CBA] if it does not pay a seven-year rate to all employees with six or more years of service on September 1, 2004 in their job classification."

The union interpreted the written decision and award to mean that, effective September 1, 2004, step seniority was to be calculated based upon total years of service with the employer.  In September of 2004, the union learned that the employer interpreted the award as requiring the employer to calculate wage increases based on years of service in a particular job classification rather than total years of service.  In interpreting the award, the employer declined to give any weight to the written decision which preceded the award and upon which the union extensively relied.

By letter dated September 7, 2004, the union contacted the AAA to request arbitrator's clarification of the award.  The employer informed the AAA that it objected to any further involvement of the arbitrator in this matter.  By letter dated October 27, 2004, the arbitrator issued his clarification of the award.  The arbitrator stated that he "found in the [u]nion's favor, that is, [he] found that the sentence [of the agreement in question] absent modifiers, meant total Nursing Home employment seniority."  The employer refused to acknowledge arbitrator's clarification and persisted in calculating wage increases based on total years of service in a particular job classification.  As a result, in December of 2004, the union commenced the present

3

action seeking confirmation and enforcement of the award.

**III.     DISCUSSION**

**A.      Motion to Dismiss Standard**

The employer moves to dismiss the complaint for failure to state a claim under Rule

12(b)(6) of the Federal Rules of Civil Procedure.  A movant is entitled to dismissal under Rule

12(b)(6) only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of

his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see*

*also Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 894-95 (2d Cir.1976).  Nevertheless,

the complaint "must contain allegations concerning each of the material elements necessary to

sustain recovery under a viable legal theory."  *356 Huntington Dental & Med. Co. v. Minnesota*

*Mining & Mfg. Co.Mfg. Co.*, 1998 WL 60954, at *3 (S.D.N.Y. 1998).  The court must read the

complaint generously and draw all reasonable inferences in favor of plaintiff, accepting the

complaint's allegations as true.  *Conley*, 355 U.S. at 46; *Hosp. Bidg. Co. v. Trustees of Rex Hosp.*,

425 U.S. 738, 740 (1976).  Accordingly, the factual allegations set forth in the complaint do not

constitute findings of fact by the court, but rather are presumed to be true for the purpose of

deciding the motion to dismiss.  *See Emergent Capital Inv. Mgmt. v. Stonepath Group, Inc.*, 165

F.Supp.2d 615, 625 (S.D.N.Y.2001).  Thus, "[t]he issue is not whether a plaintiff will ultimately

prevail, but whether the claimant is entitled to offer evidence to support the claims."  *Scheuer v.*

*Rhodes*, 416 U.S. 232, 236 (1974).  It is with these considerations in mind that the Court

addresses employer's motion to dismiss union's complaint pursuant to *Fed. R. Civ. P. 12(b)(6)*.

**B.      Allegations of Non-Compliance with Final Award**

The arbitration award requires the employer to "pay seven-year rate to all employees with

4

six or more years of service on September 1, 2004 in their job classification." The employer

argues that the complaint does not allege that the employer is not making the requisite payments.

Thus, according to the employer, there is no need for enforcement of the arbitration award, and

the Court should dismiss the action on these grounds.

An argument similar to one advanced by the employer in the present case was rejected by

the court in *Ono Pharm. Co. v. Cortech, Inc.*, 2003 WL 22481379 (S.D.N.Y. 2002). In that case

defendant argued that plaintiff's petition for confirmation was improper because neither party was

refusing to honor the arbitration award. The court rejected defendant's position, noting that

defendant could not "muster any Second Circuit precedent holding that a party must refuse to

honor an arbitral award before an award can be confirmed." *Id*. at*3. This Court agrees with the

position taken by the court in *Ono Pharm. Co.* and, accordingly, denies the employer's motion to

dismiss union's cases on the basis that the union has not alleged that the employer is not

complying with the award in question.

## C.    Statute of Limitations

Although Section 301 of the LMRA provides federal courts with jurisdiction over

petitions brought to confirm labor arbitration awards, it contains no statute of limitations.

According to the Supreme Court, where there is no federal statute of limitations, the statute of

limitations for the federal cause of action is determined by looking to the most appropriate statute

of limitations provided under the law of forum state. *See Int'l Union, United Auto., Aerospace &*

*Agric. Implement Workers v. Hoosier Cardinal Corp.*, 383 U.S. 696, 704-05 (1966); *see also*

*Reed v. United Transp. Union*, 488 U.S. 319, 323 (1989).

For enforcement of arbitration awards pursuant to a collective bargaining agreement, the

5

courts in this circuit held that the New York Civil Practice Law and Rules § 7510 provides the most appropriate New York state statute of limitations. *See Int'l Ass'n of Heat and Frost Insulators, Local No. 12 v. Insulation Quality Enter.*, 675 F. Supp. 1398, 1404 (E.D.N.Y. 1988); *see also Trans World Airlines, Inc. v. Indep. Fed'n of Flight Attendants*, 563 F. Supp. 1197, 1200 (S.D.N.Y. 1983). Under NYCPLR § 7510, the prevailing party in an arbitration proceeding has one year after delivery of the award within which to commence an action to confirm the award.

The parties do not dispute that NYCPLR § 7510 supplies the applicable statute of limitations for confirming the arbitral award. They do, however, disagree with respect to when the statute of limitations has accrued in the present case. The employer maintains that the statute of limitations accrued in July of 2003 - the time when the award was delivered to both parties. The union argues that the statute of limitations accrued on October 27, 2004 - the time arbitrator's clarification letter was delivered to the union. In support of its argument the union cites *Belli v. Matthew Bender & Co.*, 24 A.D.2d 72 (1st Dep't 1965) and *Hoffman Printing Inc. v. Graphic Communications Int'l Union, Local 261*, 912 F.2d 608 (2nd Cir. 1990). In *Belli*, the plaintiff applied for confirmation of an arbitral award more than one year after its initial issuance, but less than a year after the panel of arbitrators ruled on the request to review the award. *See* 24 A.D.2d at 73. The court held that for the purposes of one year statute of limitations, the award should date from the final determination of the arbitrators because "[i]f pursuant to CPLR 7509, the matter is again taken under consideration by the arbitrators, there is no way of knowing what the final award will be until they have announced their decision." *See id.* Accordingly, the court concluded that plaintiff's action to confirm was timely.

The Court of Appeals for the Second Circuit arrived at the same conclusion in *Hoffman*

6

*Printing, Inc.*, 912 F.2d 608 (2d Cir. 1990).  In *Hoffman*, defendants petitioned to vacate

arbitration award pursuant to § 301 of the LMRA.  *See id.* at 614.  The Court of Appeals had to

decided whether the statute of limitations accrued from the award's initial issuance or from the

arbitrator's denial of defendants' request to modify the award.  Citing *Belli*, the Court of Appeals

concluded that it would be inequitable to expect a party to move for the confirmation and/or

vacatur of an award when "there is no way of knowing what the final award will be."  *See id.*

The union reads *Belli* and *Hoffman Printing, Inc.* as standing for the proposition that "an

arbitration award must be final, to wit, passed upon by the arbitrator on all questions of

clarification or modification, before the statute of limitations begins to run."  The union, seems to

recognize that in order for this rule to apply, the arbitrator must have authority to issue the

clarification of the award in the first place.  The union argues that the doctrine of *functus officio*

does not preclude the arbitrator from issuing the requested clarification.[1]  The Court agrees with

the union on this point, but nevertheless concludes that the arbitrator had no authority to clarify

the award in question because, unlike plaintiffs in *Belli* and *Hoffman Printing, Inc.*, the union

failed to seek timely clarification of the award.

Under New York law, a party to an arbitration proceeding can seek clarification of the

award through three different proceedings.  First, pursuant to CPLR § 7509, a party may apply to

the arbitrator for modification of the award within twenty days of its delivery.  Second, pursuant

---

[1]Federal courts have consistently acknowledged that as a general rule, once an arbitrator renders a decision regarding the issues submitted, he/she "becomes functus officio and lacks any power to reexamine that decision."  *See Hyle v. Doctor's Associates, Inc.*, 198 F.3d 368, 370 (2d Cir. 1999).  However, exception to the doctrine exists, where, pursuant to CPLR § 7509, one of the parties to the arbitration seeks a modification of the arbitral award from the issuing arbitrator. *See Wolff & Munier, Inc. v. Hartford Diesel Const. Co.*, 41 A.D.2d 618, 618 (1st Dep't 1973).

to CPLR § 7511, the party may apply to a court for modification of the award within ninety days after it is delivered.  Third, pursuant to CPLR § 7510, the party may wait for another party to apply to a court for confirmation of the award within one year after it is delivered and seek modification as a defense to the action for confirmation.  It is important to note that the above-mentioned proceedings "appear to be the only procedures under New York law through which a party can seek clarification of an arbitration award."  *Trans World Airlines, Inc. v. Indep. Fed'n of Flight Attendants*, 563 F.Supp.1197, 1200 (S.D.N.Y.  1983).

In the present case, the union sought clarification of an award from the arbitrator.  Thus, union's request for clarification had to comply with substantive and procedural requirements of CPLR § 7509, which governs modification of award by arbitrator.  *See  Silber v. Silber,* 204 A.D.2d 527, 529 (2d Dep't 1994) (stating that after arbitrator renders award, he/she is without power to render new award or to modify original award, except as provided in CPLR § 7509); *see also Mole v. Queen Ins. Co. of America*, 14 A.D.2d 1,2 (4th Dep't 1961).  Section 7509 of the CPLR specifies that the request to the arbitrator for clarification/modification of the award must be made within twenty days of the delivery of the award to the party requesting its clarification/modification.  The twenty-day provision of CPLR §  7509 is a limitations provision and clarification sought after the twenty-day period had expired, will be time-barred.  *See Foreign Operations, LTD v. Miller*, 52 Misc.2d 828, 828 (Sup. Ct. 1967); *also see Trans World Airlines Ins.,* 563 F.Supp. at 1200.

In the present case, both parties were in receipt of initial arbitration award as early as July 2003.  The union, however, did not file the request for clarification/modification of the award until September 2004.  Considering that more than a year had passed between union's receipt of

the initial award and union's request for its clarification, the Court concludes that, as a matter of law, the union's request was untimely within the meaning of CPLR § 7509. Accordingly, the arbitrator had no authority to clarify the award. *See Melun Indus., Inc. v. Strange*, 898 F.Supp. 995, 1001 (SDNY 1992) (holding that where party did not apply for modification of award within twenty days after its delivery, arbitrator's modification was nullity).

Since the arbitrator had no authority to issue the clarification letter, the union cannot benefit from the rule that the one year limitation on petitions to confirm arbitration awards runs from the date of arbitrator's decision disposing of the application to modify. The rule in question presupposes that the initial request for modification or clarification complied with substantive and procedural provisions of CPLR § 7509. If the Court was to conclude otherwise, the parties to arbitration could revive the statute of limitations at any time by merely applying to the arbitrator for clarification of an arbitral award. Such an outcome would certainly interfere with federal policy of resolving labor conflicts in a quick and effective manner through the arbitration process. *See Local 802, Associated Musicians v. Parker Meridien Hotel*, 145 F.3d 85, 89 (2d Cir. 1998).

The union also maintains that the award should not have triggered the applicable statute of limitations because it was prospective in nature. The award, dated June 25, 2003, did not impose any duty upon the employer until September 1, 2004. The union argues that since the award was to remain executory for approximately fourteen months, nothing was expected of either party but to "wait and see." Furthermore, the union argues that "[a]s soon as the [u]nion learned of the [e]mployer's incorrect implementation of the [i]nitial [a]ward, it sought [a]rbitrator's clarification; before that moment, it had no reason to believe there would be no compliance with the [i]nitial [a]ward."

9

The Court disagrees with the union's position.  The alleged discrepancy between the award and the written decision did not come into existence on September 1, 2004.  Considering that the alleged discrepancy is to the union's disadvantage, the union should have applied for clarification of the award to the arbitrator within twenty days of the award's delivery or to the court within ninety days of the same.  Instead, the union decided to "wait and see."  Accordingly, the court sees no reason for tolling the statute of limitations on behalf of the union.

## IV.    CONCLUSION

For the forgoing reasons it is hereby

ORDERED that the employer's motion to dismiss the complaint pursuant to *Fed. R.Civ.P. 12(b)(6)* is GRANTED; and it is further

ORDERED that the employer's request for fees and costs pursuant to *Fed.R.Civ.P. 11* is DENIED as both procedurally and substantively improper; and it is further

ORDERED that the union's motion for summary judgment pursuant to *Fed.R.Civ.P. 56* is DENIED; and it is further

ORDERED that the complaint is dismissed in its entirety.

IT IS SO ORDERED.

Dated:  July 26, 2005
      Syracuse, New York

Norman A. Mordue
U.S. District Judge

10